IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARIE JOELLE IRAI** <br> 13800 Castle Blvd, Apt 203 <br> Silver Spring, MD 20904 <br><br> Plaintiff, <br><br> v. <br><br> **FRESHLY, INC** <br> 115 E. 23rd, 7th Floor <br> New York, NY 10010 <br><br> SERVE: <br><br> CSC-Lawyers Incorporating, <br> RESIDENT AGENT <br> 7 St. Paul Street, Suite 820 <br> Baltimore, MD 21202 <br><br> Defendant. | Case No. _____ <br> **JURY TRIAL REQUESTED** |

## COMPLAINT AND JURY DEMAND

Marie Joelle Irai ("Ms. Irai"), by and through her Attorneys, Joseph M. Fah, Esquire and FAH Law Group, P.C., brings this complaint against Freshly, Inc. ("Defendant"), pursuant to § 107 of the Family Medical Leave Act ("FMLA") for violation of the FMLA, and as causes of action, states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(4). This action arises under the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq.

2. Venue herein is proper under 28 U.S.C. § 1391 (b) and (c).

## PARTIES

3. Ms. Irai is an adult resident of the state of Maryland.

4. Freshly Inc is a business entity, with its principal office in New York, and is registered and authorized to do business in the State of Maryland. Defendant employs more than fifty (50) employees within seventy-five (75) mile radius of the location where Plaintiff worked.

## FACTS COMMON TO ALL CLAIMS

5. Ms. Irai was employed by Defendant at its location in Laurel, Maryland.

6. At all times Ms. Irai worked a full-time schedule of at least forty (40) hours per week.

7. On April 5, 2020, Ms. Irai began feeling ill while working, but she managed to complete her assigned shift.

8. Prior to leaving at the end of her shift, Ms. Irai notified her team lead that she was feeling very ill and that if for some reasons she does not show up for work the next day, then the likely reason would be the worsening of her illness.

9. The next day, still not feeling well, Ms. Irai emailed Defendant to advise that she was very ill and that she was having symptoms consistent with those of Covid-19.

10. On April 7, 2020, Ms. Irai visited her treating physician regarding the worsening of her symptoms. After examining Ms. Irai, she was ordered to quarantine until further evaluation in 14 days and to take the prescribed medications; and at the end of the 14 days, a test for Covid-19 would be administered.

11. Ms. Irai promptly notified Defendant of the doctor's order and provided the medical slip.

12. The medical slip, dated April 7, 2020, reads: "The above-named patient was seen/treated at this medical facility for an illness. He/She may not return to work until evaluated […] Mrs. Irai has acute symptoms that require isolation/quarantine until further evaluation in 14 days."

13. After the 14 days, Ms. Irai was still not feeling. She returned to her treating physician, who then administered the test for Covid-19. Ms. Irai was instructed that she will be notified of the result within 72 hours.

14. On April 27, 2020, Ms. Irai received the test result showing a negative for Covid-19. She was then clear to return to work on April 28, 2020.

15. Ms. Irai returned to work as scheduled.

16. At no point in time before or after Ms. Irai provided the doctor's note to Defendant did it require her to provide documentation to support her medical leave or need for family medical leave as provided by the FMLA.

17. At no point in time before or after Ms. Irai provided the doctor's slip to the Defendant did it inquire further to her regarding her absence.

18. Unbeknownst to Ms. Irai, while she was on medical leave, she was accused of Absence Without Leave, and by Defendant's policy, this carries with it 4 points and a total of 8 points lead to immediate termination.

19. On May 25, 2020, Defendant called Ms. Irai to inform her that her employment with defendant had ended, effective immediately.

20. Stunned by the news, Ms. Irai inquired about the reasons for her termination and was advised by Defendant that she had accrued 2 absences without leaves, resulting in immediate termination. Defendant further informed her that the first absence was when she was ill and the second occurred after she was off and did not return to work on the assigned day.

21. Ms. Irai protested the decision, explaining that she was on medical leave per the doctor's order and per company's policy regarding employees with Covid-19 like Symptoms. Ms. Irai further advised that she is normally off for 3 days after working 4 days and that she was not expected at

work, but the HR representative advised that the schedule was changed and her failure to report to work for the second time was ground for termination effective immediately.

22. After the HR representative notified Ms. Irai of her termination, her supervisor called her shortly after to discuss her new schedule. Ms. Irai advised that she has just been terminated and, again, pleaded to her supervisor to look into it. The supervisor stated that there was probably a confusion and that it needs to be fixed.

23. Ms. Irai has been working for Defendant for more than sixteen (16) consecutive months prior to her termination.

24. Ms. Irai requested that Defendant provide her with a letter of termination explaining the reasons she was terminated. Defendant has not provided this letter.

25. To this date, Ms. Irai has not received any official termination notice.

26. At no point did Defendant inform Plaintiff she was eligible for FMLA leave, that she failed to provide sufficient documentation or that her leave would not be recognized as FMLA leave, as required by the statute.

As a result of Defendant's unlawful actions, Ms. Irai is currently without employment.

## CAUSES OF ACTION

### COUNT I

**UNLAWFUL INTERFERENCE AND DENIAL OF FMLA BENEFITS DUE TO TERMINATION**
**29 U.S.C. § 2615(A)(1)**

27. Ms. Irai adopts and incorporates each and every allegation contained in each of the foregoing paragraphs as if fully restated herein.

28. Defendant is an employer covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks.

29. Ms. Irai is an eligible employee under the FMLA as she has been employed for more than 12 consecutive months, and during this time has worked at least 1, 250 hours within the twelve (12) month period immediately preceding her need for leave in April 2020.

30. Prior to April 7, 2020, Ms. Irai has never requested or taken FMLA leave from this Defendant.

31. As Ms. Irai worked the required number of hours, during the required time period, she was entitled to take FMLA leave when she was in quarantine beginning April 7, 2020.

32. Ms. Irai illness, and quarantine, of April 2020 constituted a "serious health condition" as defined by the FMLA as her illness required her to receive care for a period of approximately three weeks. As such, Ms. Irai was entitled to use her FMLA leave for this illness.

33. Ms. Irai provided adequate notice to Defendant of her need to take unexpected FMLA leave.

34. At no point while Ms. Irai was quarantined did the Defendant inquire to her to provide documentation to certify her need for FMLA leave.

35. At no point did Defendant inform Ms. Irai that she was not eligible to take FMLA leave.

36. Instead, Defendant unlawfully interfered with Ms. Irai's right to unpaid leave pursuant to the FMLA when it unexpectedly terminated her employment in May 2020.

37. Defendant's termination of Ms. Irai's employment also resulted in an unlawful denial of unpaid medical leave pursuant to FMLA to which Ms. Irai was entitled.

38. As a direct and proximate cause of Defendant's unlawful actions, Ms. Irai has been harmed, as she is currently unemployed, without health insurance, and therefore without a means to support her family and received the medical treatment that she needs.

WHEREFORE, Ms. Irai demands judgment against Defendant and for the court to award her all available relief under the law, all equitable relief as may be appropriate, including but not limited to, lost wages and benefits, liquidated damages, interest on all applicable sums, attorney's fees, costs, front pay if not reinstated, and all other relief this Court deems fair and just.

## COUNT II

## DISCRIMINATION/RETALIATION FOR TAKING FMLA LEAVE
## 29 U.S.C. §2615 (A)(2)

39. Ms. Irai adopts and incorporates each and every allegation contained in each of the foregoing paragraphs as if fully restated herein.

40. Defendant is an empoyer covered by the FMLA, as it employs fifty (50) or more employees for each work day during each twenty (20) or more calendar workweeks.

41. Ms. Irai is an eligible employee under the FMLA as she has been employed by Defendant and has been working under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period, has worked at least 1, 250 hours within the twelve (12) month period immediately preceding her need for leave in April 2020.

42. Prior to April 7, 2020, Ms. Irai has never taken FMLA leave from the Defendant.

43. When Ms. Irai gave Defendant notice of her need for FMLA leave on about April 7, 2020, these actions constitute protected action under the FMLA.

44. As a direct result of Ms. Irai taking protected action by requesting FMLA leave, Defendant retaliated against her by terminating her employment after nearly 18 months of faithful work with outstanding performance.

45. Defendant terminated Ms. Irai because she took protected action in the form of FMLA leave to which, she was entitled.

46. As a direct and proximate cause of Defendant's unlawful actions, Ms. Irai has been harmed, as she is currently without work, without health insurance, therefore without a means to support her family and receive the medical treatment she needs.

WHEREFORE, Ms. Irai demands judgment against Defendant and for the court to award her all available relief under the law, all equitable relief as may be appropriate, including but not limited to, lost wages and benefits, liquidated damages, interest on all applicable sums, attorney's fees, costs, front pay if not reinstated, and all other relief this Court deems fair and just.

## JURY TRIAL DEMAND

Ms. Irai requests a jury trial on all questions of facts raised by her complaint.

Date: August 3, 2021.

        Respectfully Submitted,

        **FAH LAW GROUP, P.C.**

        /s/ Joseph M. Nde Fah
        _____
        Joseph M. Nde Fah, Esq.
        (Bar No.: 13932)
        8757 Georgia Avenue, Suite 440
        Silver Spring MD 20910
        T: 301 585 3314
        P: 301 585 0854
        jfah@fahlawgroup.com

        ***Attorney for Ms. Irai***